UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELISSA HARRIS,

        Plaintiff,

v.                                          Case No. 17-cv-837-pp

MILWAUKEE POLICE DEPARTMENT,

        Defendant.

---

**ORDER REQUIRING THE PLAINTIFF TO FILE A NEW REQUEST TO PROCEED WITHOUT PREPAYING THE FILING FEE AND AN AMENDED COMPLAINT BY THE END OF THE DAY ON FRIDAY, SEPTEMBER 28, 2018**

---

On June 15, 2017, the plaintiff (who is representing herself) filed complaint alleging that the defendant Milwaukee Police Department unlawfully arrested her. Dkt. No. 1. She also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. Because of its heavy case load, the court has taken much, much longer than it should have to review the complaint and the motion. The court extends its apologies to the plaintiff, and hopes that this order will get the case moving.

**I.**      **Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee (Dkt. No. 2)**

The court may allow someone to proceed without pre-paying the filing fees if it finds that (1) the person is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may

1

be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

    A.    <u>Plaintiff's Ability to Pay the Filing Fee</u>

The plaintiff is not a prisoner. In asking the court to allow her to proceed without paying the filing fee, however, she used the form that *prisoners* use when they ask to proceed without prepaying the filing fee. This makes a difference. The law requires prisoners to pay the filing fee; the court cannot waive a filing fee for a prisoner. The court has the ability, however, to waive or reduce the filing fee for people who are not in custody, if the court finds that the person doesn't have the ability to pay, and that the lawsuit isn't frivolous.

Because the court must determine whether someone has the ability to pay the filing fee, the information requested in the *non-prisoner* form is different from the information requested in the form the plaintiff filled out. This means that the court does not have the information it needs to decide whether this plaintiff is able to pay the filing fee.

The plaintiff did provide the court with some of the information it needs. She stated that she has two dependent children to whom she provides $1,000 in monthly support. She does not own a car, but owns her own home valued at approximately $23,500. Dkt. No. 2 at 2. The plaintiff claims that she has no cash, checking or savings accounts. The prisoner form, however, does not have a space for the plaintiff to list her monthly income; the plaintiff simply stated that she is a substitute teacher in the Milwaukee Public Schools and that she has "no income during summer months June, July, August." The prisoner form

does not have space for the plaintiff to provide her monthly expenses, or explain whether she is married, or for other information the court needs.

The court cannot rule on the plaintiff's request until it gets all the information it needs. The court is including with this order the proper form, titled "Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee." If the plaintiff still wants the court to reduce or waive the filing fee, she will need to complete this form and file it with the clerk's office.

B. <u>Screening</u>

After she files the right form, even if the court concludes that the plaintiff does not have the ability to pay the filing fee, it still must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). For this reason, district courts "screen" complaints filed by self-represented plaintiffs to determine whether the complaint must be dismissed under these standards.

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, the court must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual

4

allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

1. *The Substance of the Plaintiff's Complaint*

The plaintiff also used the court's *prisoner* form complaint. Dkt. No. 1. There is a different form that people who are not in custody use. Nonetheless, the plaintiff did explain her allegations on the form.

On the first page of the complaint, where a person explains who the person is suing, the plaintiff listed "Milwaukee Police Department." Dkt. No. 1 at 1. On the second page, in the space where the plaintiff must explain her claim, the plaintiff says that "Officer Petoroich from district 1 Milwaukee County Police Department" violated her rights. Id. at 2. She alleges that officer Petoroich unlawfully arrested her, and refused to get "Sergarent" to help her. Id. She says that the sergeant who did show up at the scene "lied and stated he work for Mayor Tom [B]arrett, who also came outside but never spoke to [the plaintiff]." Id. She alleges that this unnamed sergeant "covered up for unlawful arrest and stated I resisted arrest and obstructed a officer." Id. The plaintiff says that a case was filed on January 8, 2012; she provides "Case #2012CM000117."

The plaintiff alleges that at the time of these events, she was a single mother in college full-time and was working at J.C. Penny. Id. at 3. She says that she lost her job, and that her child was left with a sitter for three days while she was in prison for no reason; she says she does not know why she was arrested. Id. at 2.

The plaintiff then alleges that "the officer was racist" because the officer used multiple racial slurs during their interaction. Id. at 3. She states that she "was oppressed by a officer and sergant [sic] because the color of my skin." Id. The plaintiff explains that "the same officer who was fired with pay, only to appeal and return to work although he committed a crime he didn't get in trouble for." Id.

For relief, the plaintiff asks the court to order an award of $500,000 and to order the defendants to undergo human service courses and volunteer with youth of color. Id. at 4.

It sounds as if the plaintiff is alleging that the officer and the sergeant violated her civil rights by unlawfully arresting her because of her race. Section 1983 of Title 42 prohibits anyone acting under color of state law from denying another person of that person's rights under the Constitution or laws of the United States. To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: (1) deprived her of a right secured by the Constitution or law of the United States; and (2) acted under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A claim of false arrest implicates the Fourth Amendment. See Dunaway v. New York, 442 U.S. 200, 216 (1979). A claim of false imprisonment of the kind the plaintiff alleges against the police also implicates the Fourth Amendment. See, *e.g.*, Wallace v. Kato, 549 U.S. 384 (2007); Guenther v. Holmgreen, 738 F.2d 879, 882 (7th Cir. 1984). The plaintiff also may be trying to raise a claim under the Equal Protection Clause of the Fourteenth Amendment, given her belief that officers arrested her and detained her because of her race.

      2.    *Unlawful Arrest Claim*

There are several problems with the plaintiff's complaint. First, the only defendant she has named in the title of her complaint is the Milwaukee Police Department. Section 1983 allows a plaintiff to sue any "person" who, while acting under color of state law, violates her civil rights. The Milwaukee Police Department is not a person. A plaintiff can sue a government organization for violations of §1983, if the person alleges sufficient facts to show that that organization engaged in a custom or practice of civil rights violations. Monnell v. Dep't of Soc. Serv's of City of New York, 436 U.S. 658 (1978). But the plaintiff has not alleged any custom or practice; she has alleged that two police department employees violated her rights on one occasion. Finally, even if the plaintiff had alleged a custom-or-practice claim, the Milwaukee Police Department would not be the appropriate defendant. A police department is not a separate, suable entity; it is an arm of the City of Milwaukee. See, *e.g.*, Norman v. City of Evanston, 176 F.App'x. 666, 667 (7th Cir. 2006); Averhart v.

7

City of Chi., 114 Fed. App'x 246, 247 (7th Cir. 2004) (citations omitted); Kelly v. City of Milwaukee, Case No. 12-C-0213, 2012 WL 1600446, at *3 (E.D. Wis. May 4, 2012).

Second, the plaintiff has provided very few details about the allegedly unlawful arrest. "In order to prevail in an unlawful arrest action, the plaintiff must show a lack of probable cause." Simmons v. Pryor, 26 F.3d 650, 654 (7th Cir. 1993) (citation omitted). "Even malicious motives will not support a claim of false arrest if probable cause exists." Id. (citing Fernandez v. Perez, 937 F.2d 368, 371 (7th Cir. 1991)). See also, Mustafa v. City of Chi., 442 F.3d 544, 547 (7th Cir. 2006) (probable cause is a defense to false arrest claim "even where the defendant officers allegedly acted upon a malicious motive (such as the racism that Mustafa suggests motivated the defendants here).") "Police officers have probable cause to arrest an individual when 'the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed' an offense." Id. (quoting Kelley v. Myler, 149 F.3d 641, 646 (7th Cir. 1998)).

The plaintiff's complaint does not tell the court the date that the events took place. She does not say where they took place. She does not say what she was doing when she was arrested. She does not say what she was charged with. As to Officer Petoroich, it is not clear what she believes he did to violate her rights. She says, "unlawful arrest, refused to get Sergarent to help me." Dkt. No. 1 at 2. She says that she believes that "the officer" was racist because

8

he said many ugly, racist things to her, and called her racist names, but she does not identify who the officer was—was it Petoroich? Was it the sergeant? She does not say whether she believes the sergeant violated her rights, and if so, how.

The court tried to track down further details by looking up the case number the plaintiff provided in her complaint. The court found several cases with the case number 2012CM000117, but none of them were from Milwaukee County and none of them involved the plaintiff. The court found a *felony* case with that number in Milwaukee County—<u>State v. Damario Lavell Page</u>, 2012CF00017. That case did not involve the plaintiff. There is, however, a case number 2013CM001832, <u>State of Wisconsin v. Melissa France Harris</u>, in which the State of Wisconsin charged Melissa F. Harris with disorderly conduct and obstructing an officer. The complaint was filed on April 23, 2013; on June 11, 2013, Melissa France Harris pled guilty to disorderly conduct and the obstructing charge was dismissed and read in. <u>State of Wisconsin v. Melissa France Harris</u>, Milwaukee County Case 2013CM001832, available at: https://wcca.wiscourts.gov. The court has no idea whether the Melissa France Harris charged in this Milwaukee County case is the same Melissa Harris as the plaintiff in this case.

Third, the plaintiff indicated that the events about which she complains gave rise to a charge issued in 2012. If that is true—or even if the charge was issued in 2013—it means that the events the plaintiff describes took place at least five years ago. False arrest is an intentional tort; under Wisconsin law, a

person must file a claim for false arrest within three years after the cause of action accrues. Wis. Stat. §893.57. The statute of limitations for a false arrest claim that is followed by criminal proceedings accrues "at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007). If the events that the plaintiff describes took place in 2012 or 2013, then, she may be too late to file a §1983 claim based on a false arrest claim under the Fourth Amendment.

If the plaintiff wants to proceed on a Fourth Amendment claim for false arrest, she will need to file an amended complaint (on the right form), and provide the court with more information.

        3.    *False Imprisonment Claim*

The few facts the plaintiff does allege could possibly give rise to a false imprisonment claim. Under Wisconsin law, "[f]alse imprisonment has been defined as the '"unlawful restraint by one person of the physical liberty of another."'" Stern v. Thompson & Coates, Ltd., 185 Wis.2d 220, 242 (Wis. 1994) (citations omitted). "One is subject to liability for false imprisonment if that person acts to cause a false arrest, i.e., an arrest made without legal authority." Id. False imprisonment can be a subset of false arrest.

Again, however, the plaintiff has not provided the court with enough information for the court to determine whether she has stated a false imprisonment claim. And the statute of limitations period for false imprisonment claims is also three years, accruing "when the false imprisonment ends." Kato, 549 U.S. at 384. So if the plaintiff was released

from custody more than three years before July 20, 2018—the day she filed her federal complaint—she may have a statute of limitations problem.

The court will give the plaintiff a chance to amend her claim to provide additional details.

        4.    *Equal Protection Claim*

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND XIV. This means that state actors must treat all similarly-situated persons in a similar manner. City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).

> To establish a prima facie case of discrimination under the equal protection clause, [plaintiff is] required to show that [she] is a member of a protected class, that [she] is otherwise similarly situated to members of the unprotected class, and that [she] was treated differently from members of the unprotected class.

Brown v. Budz, 398 F.3d 904, 916 (7th Cir. 2005).

The plaintiff's complaint does not provide enough information for the court to determine whether she has alleged an equal protection claim. She states:

> I believe in my heart the Officer was racist because he called me all kind of "black bitches, black slut shut up", "Stupid niger there is no one here to help you", There is no lietant dumb little bitch", It's what I say go." I was scared and terrified because I use to believe in the Justice System, I wasn't protected and I never was a criminal. I was opressed by a officer and sergant because the color of my skin.

Dkt. No. 1 at 3.

11

These allegations indicate that someone one—an officer—treated the plaintiff very badly. But she does not say who treated her badly—was it Officer Petoroich? The sergeant? While the court can assume that perhaps the plaintiff is African American, or a person of color, she does not say so, and does not allege that she is a member of a protected class. She does not described non-class members who were treated differently. And again, she does not say when these events took place, or where.

The court will give the plaintiff the chance to amend her complaint to provide additional details.

## II. Conclusion

The court **ORDERS** that the plaintiff shall file a new request to proceed without prepaying the filing fee, on the form the court has provided, in time for the court to receive it by the end of the day on **Friday, September 28, 2018**.

The court **ORDERS** that, if the plaintiff chooses to file an amended complaint, she must do so, on the form the court is providing, in time for the court to receive it by the end of the day on **Friday, September 28, 2018.**

If the plaintiff does not file these two documents in time for the court to receive them by the end of the day on September 28, 2018 (or file a motion

asking for additional time to do so), the court will dismiss the case for failure to prosecute under Civil Local Rule 41.

Dated in Milwaukee, Wisconsin this 28th day of August, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**