UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELISSA HARRIS,

   Plaintiff,

v.              Case No. 17-cv-837-pp

CITY OF MILWAUKEE,

   Defendant.

**ORDER DENYING AS MOOT PLAINTIFF'S JUNE 2017 MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), GRANTING PLAINTIFF'S SEPTEMBER 2018 MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 8), DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF A SUMMONS (DKT. NO. 10) AND DISMISSING CASE**

  The plaintiff, who is representing herself, filed a complaint against the Milwaukee Police Department. Dkt. No. 1. The same day, she filed a motion for leave to proceed without prepaying the $400 filing fee. Dkt. No. 2. The court did not timely screen the plaintiff's complaint; over a year later, it issued an order requiring the plaintiff to file a new motion to proceed without prepayment of the filing fee and to file an amended complaint. Dkt. No. 6. The plaintiff timely filed an amended complaint, dkt. no. 7, together with a second motion for leave to proceed without prepayment of the filing fee, dkt. no. 8. Finally, the plaintiff has filed a motion for issuance of summons. Dkt. No. 10.

**I. Motions to Proceed Without Prepaying Filing Fee (Dkt. Nos. 2, 8)**

  Because the plaintiff has filed a second motion for leave to proceed without paying the filing fee, with updated information, the court will deny as moot her first motion. Dkt. No. 2. The court will grant the second motion.

1

The plaintiff filed her second motion on the proper, non-prisoner form. Dkt. No. 8. That motion indicates that the plaintiff is not employed, is not married and has two sons—ages four and fourteen—to whom she provides $350 a month in support. She has no monthly wages or salary, but indicates that she received $2,000 from "Milwaukee Public School" over the twelve months prior to the date she filed the motion (the twelve-month period preceding September 26, 2018). The plaintiff reports a mortgage payment of $850 per month and household expenses of $200 a month, for a total of $1,050 in total monthly expenses. She does not own a car, but reports that she does own her own home, worth approximately $22,500. Id. at 3. Finally, she indicates that she collects $200 in rent from a tenant and that she cuts grass for $150 to cover her mortgage payments. Id. Despite some discrepancies in the affidavit, the court finds that the plaintiff is not able to pay the filing fee.

## II.  Screening Amended Complaint

As the court detailed in its order requiring the plaintiff to file an amended complaint, the court must dismiss complaints that are frivolous, fail to state a claim or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).

The amended complaint provides more details than the original complaint. The amended complaint names the City of Milwaukee—instead of the Milwaukee Police Department—as the defendant. Dkt. No. 7 at 1. It alleges that the plaintiff "was harassed by Officer Joran M. Petkovich" while driving home from work on January 6, 2012. Id. at 2. The plaintiff says that she was driving down Wells and Water Street near City Hall when she was arrested and detained. Id. She claims that Officer Petkovich had no reason to believe that she violated any law and had no probable cause. Id.

The amended complaint alleges that the plaintiff "asked for the Chief because he never asked for my license in my car," but that the officer "snatched me out the car," and asked for the plaintiff's license "after shoving my head into the back of the squad car." Id. The plaintiff says that "Mayor Tom Barrett came out talking to the officer" and that a sergeant came on the scene. Id. She alleges that the sergeant visited her in the back of the squad car and told her that Mayor Barret had suggested she go to jail for obstructing and resisting an officer. Id. The plaintiff says that she was booked and jailed for three days as a result of this encounter. Id. at 3.

The complaint asserts that the plaintiff is "stating a claim" by "alleg[ing] that Officer Petkovich, and Sergant Berken violated my civil rights by unlawfully arresting me because of my race." Id. at 4. She lists four causes of action: unlawful arrest, false arrest, Equal Protection and false imprisonment. Id.

### III. Analysis

In the court's August 28, 2018 order, it remarked that the plaintiff's original complaint hinted at claims of unlawful arrest, false imprisonment and a claim under 42 U.S.C. §1983 that the defendants violated the plaintiff's rights under the Equal Protection Clause. Dkt. No. 6 at 7. It asked the plaintiff to provide more details in her amended complaint, such as the date the events took place, where they took place and what the plaintiff was doing when she was arrested. Id. at 8. While the plaintiff provided these details in the amended complaint—she says she was driving home from work on January 6, 2012 and was on "Wells & Water" near City Hall when she was arrested—she still has not provided sufficient information to state claims for the causes of action she has identified.

3

The amended complaint changed the defendant in this case from the Milwaukee Police Department to the City of Milwaukee. The plaintiff likely made this change because of the following language from the court's August 28, 2018 order:

> Section 1983 allows a plaintiff to sue any 'person' who, while acting under color of state law, violates her civil rights. The Milwaukee Police Department is not a person. A plaintiff can sue a government organization for violations of §1983, if the person alleges sufficient facts to show that organization engaged in a custom or practice of civil rights violations. <u>Monnell v. Dep't of Soc. Serv's of City of New York</u>, 436 U.S. 658 (1978). But the plaintiff has not alleged any custom or practice; she has alleged that two police department employees violated her rights on one occasion. Finally, even if the plaintiff has alleged a custom-or-practice claim, the Milwaukee Police Department would not be the appropriate defendant. A police department is not a separate, suable entity; it is an arm of the City of Milwaukee.

Dkt. No. 6 at 7.

To remedy the deficiencies in the first complaint, the amended complaint needed either to name an individual person (or individual people) as the defendant(s) or, if the plaintiff chose to name the City of Milwaukee as a defendant, to allege that the City of Milwaukee engaged in a custom or practice of civil rights violations. The amended complaint names the City of Milwaukee as the sole defendant but does not allege that the City engaged in a pattern or practice of unlawful arrest, or false imprisonment, or violations of the Equal Protection Clause. The body of the amended complaint mentions several individuals—Officer Petkovich, Sergeant Berken, Mayor Barrett—but the plaintiff did not sue those individuals. She did not name them as defendants. The amended complaint also alleges that the plaintiff was arrested because of her race but does not identify her race. The amended complaint does not state

4

a claim for which a federal court can grant relief, and the court must dismiss the plaintiff's case.

## IV. Motion for Issuance of Summons

The plaintiff has asked the court to issue a summons and complaint. Dkt. No. 10. The court believes that the plaintiff is asking the court to serve the summons and complaint on her behalf, so that she will not have to pay someone to serve them for her—she refers to the fact that she is a low-income individual. Id. The court must deny this motion, because it issues a summons and serves the summons and complaint only when it is going to allow a plaintiff to proceed on her claims. The court has concluded that the amended complaint does not state a claim for which the court can grant relief, so there is no reason for the court to issue a summons or have the summons and amended complaint served on anyone.

## V. Conclusion

The court **DENIES AS MOOT** the plaintiff's first motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **GRANTS** the plaintiff's second motion to proceed without prepayment of the filing fee. Dkt. No. 8.

The court **DENIES** the plaintiff's motion for issuance of a summons. Dkt. No. 10.

The court **ORDERS** that this case is **DISMISSED**. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 15th day of May, 2019.

BY THE COURT:

_____
HON. PAMELA PEPPER
**United States District Judge**